JOHN J. STIMSON, ET AL., RECEIVERS OF THE ROGER WIL-
LIAMS FOUNDRY AND MACHINE COMPANY V. LEWIS P.
MEAD.

Courts of Equity have jurisdiction over purchasers at a sale under a de-
cree of the Court to compel the payment of the purchase money.

IN EQUITY. The defendant purchased the interest of
the Roger Williams Foundry and Machine Company in
certain buildings, fixtures and machinery, which were
sold by the plaintiffs at public auction under a decree of
the Court. The plaintiffs did not guarantee the title, but
at the sale a certificate of their counsel was read to the
effect that he had searched the records, and, with the ex-
ception of certain specified mortgages, there appeared to
be no encumbrances on the property. The defendant paid
part of the consideration and gave his promissory note for
the balance. After the sale one Theodore Horton claim-
ed to hold a mortgage on a portion of the machinery, and
his claim being disputed, commenced an action against
the defendant, on which he recovered judgment. The
defendant claimed that the amount which he was com-
pelled to pay on said judgment should be deducted from
the balance due by his note ; and filed a claim before the
master, appointed in the cause to ascertain the demands
due from the company, for an allowance out of the fund

of the company to that amount. This claim was allowed by the master in full but, having come before this Court upon exceptions, the master's report was confirmed only as to a portion of said claim and it was decreed, that the sum so allowed should be paid to the defendant out of said fund upon his paying the balance due by his note to the receivers. The defendant was also a creditor of the company and as such, filed a claim before the master, upon which he was allowed a dividend. The note for the balance due upon the purchase of said property having been long due and unpaid by the defendant, the plaintiffs now moved for a rule upon the defendant to show cause why an execution should not issue against him for said balance, or why he should not be compelled by some other process to pay the same.

*Potter* for the defendant contended, that the Court had no authority to issue execution or other process against the defendant, because he was not originally a party to the suit, under which the receivers were appointed, and had never done anything whereby he had since become a party.

*Jenckes* for the plaintiff contended, that the defendant had made himself a party to the suit by filing his claim before the master so as to be bound by the decree of the Court and that, as a purchaser under a decree of the Court, he was subject to its process, and the Court might compel him by attachment to pay the amount ascertained to be due. (Calvert on suits in Equity, pp. 55 & 56.) *Harrison* v. *Harrison*, (1 Johns. (Maryland) Ch. R. 331.) *Andrews* v. *Sutton*, (2 Bland. 629.) *Wood* v. *Mann*, (3 Sumner, 318.) *Executors of Brasher* v. *Cortland*, (2 Johns. Ch. R. 505.) *Gordon* v. *Saunders*, (2 McCord, 151.)

GREENE C. J., delivered the opinion of the Court.

We have examined the question of jurisdiction and are satisfied that the Court has power by its process to compel the purchaser to complete the purchase by paying into Court the balance of the purchase money. To turn the receivers round to a suit at common law would in a great measure defeat the objects of the parties in proceeding at equity, where it was supposed the Court would have complete control over the subject matter of the suit and was invested with adequate power to carry its orders into effect. An order must be entered that the defendant pay the balance due to the receivers into Court.